JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE MADDOX BRUCE, f.k.a. RUSTIN GORDON JACKSON<br><br>  Plaintiff,<br><br>vs.<br><br>JEREMY SUETOS, RICARDO HERNANDEZ, VENTURA DMV INVESTIGATION DIVISION<br><br>  Defendants. | CASE NO. CV12-7263-R<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO PROSECUTE AND FOR LACK OF SUBJECT MATTER JURISDICTION |

On February 14, 2013, this Court issued an Order to Show Cause why the action should not be dismissed for lack of prosecution. Pursuant to the Order to Show Cause, Plaintiff Shane Maddox Bruce, formerly known as Rustin Gordon Jackson, was ordered to appear. The Order to Show Cause was called for hearing at its appointed time on March 4, 2013, at 11:00 a.m., at which time, and without appearance of Plaintiff or Defendants, the Court dismissed Plaintiff's Complaint for lack of prosecution and for lack of subject matter jurisdiction.

**I. Factual Background**

Plaintiff filed his Complaint on September 19, 2012. (Dkt. No. 4.) In the Complaint, Plaintiff contends that each of the defendants violated his constitutional rights. Although it is difficult to discern from the face of the complaint precisely what conduct Plaintiff contends violated his constitutional rights, Plaintiff's allegations seem to derive from an investigation conducted by the California Department of Motor Vehicles into the issuance of two separate driver's licenses with separate driver's

license numbers in Plaintiff's name. Amongst the nebulous and ambiguous factual allegations, Plaintiff claims "that some New York agency requested a California investigation months after [Plaintiff was cited for driving without a license] . . . violating the Fifth Amendment, and considering interstate cooperation, [] committ[ing] double jeopardy. Compl. ¶ 1.C. Plaintiff also claims that based on that request, the "Ventura Fraud Investigations fil[ed] [a] False Warrant," Compl. ¶ 1.D, and pursued extradition thereby "committ[ing] an abuse of discretion." Compl. ¶ 1.E. The remainder of Plaintiff's Complaint discusses the vague circumstances of Plaintiff's case and cites a bewildering array of authority from Benjamin Franklin to *Bradley v. Fisher*, 80 U.S. 335 (1871), a Supreme Court case relating to judicial immunity for judicial acts. Compl. ¶¶ F, H.

**II. Analysis**

The Court has thoroughly reviewed Plaintiff's Complaint, and even under the most liberal construction possible, the Complaint does not state any facts or provide any legal theories upon which this Court may exercise jurisdiction. Federal courts are courts of limited jurisdiction, and to exercise jurisdiction Plaintiff's Complaint must set forth cognizable causes of action arising under federal law. Title 28 U.S.C. § 1331. In this action, Plaintiff purports to bring claims under general tort theories for defamation, libel, and slander; a claim for violations of the Privileges and Immunities Clause, U.S. Const. Art. IV, § 2; a claim arising under the Supremacy Clause, U.S. Const. Art. VI; and claims arising under the Second, Fourth, Fifth, Sixth, Seventh, and Eleventh Amendments. In addition to the observation that Plaintiff does not allege to bring his constitutional claims pursuant to Title 42 U.S.C. § 1983 but rather directly under the Constitution itself, reasonably construed, Plaintiff's Complaint only seeks relief pursuant to tort law: the remedies requested flow from Plaintiff's allegations of harm to his reputation and mental anguish. In other words, Plaintiff's Complaint arises solely under the laws of the State of California. *See, e.g.*, Cal. Civ. Code §§ 44-46 (defamation, libel, and slander). Therefore, Plaintiff does not present a federal question upon which to premise federal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1090-91 (9th Cir. 2009) (the basis for federal jurisdiction must be presented on the face of Plaintiff's Complaint); *see also Winter v. Florida*, 2010 WL 1531193, at *8 (C.D. Cal. 2010) (citing *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation.")).

Article III of the Constitution limits the jurisdiction of federal courts, and where, as here, Plaintiff's claims arise solely under state law, the federal courts are without jurisdiction to redress Plaintiff's claimed grievances. Plaintiff's remedy is to assert his claims in the courts of the State of California. *See Knox v. McClatchy Co.*, 2010 WL 1730107, at *1 (E.D. Cal. 2010).

Furthermore, since filing the Complaint, Plaintiff has failed to properly serve any defendants as evidenced by the absence on the docket of a record of service of summons. After expiration of the 120-day period for service of process under Federal Rule of Civil Procedure 4(m), the Court issued an Order to Show Cause why the action should not be dismissed for lack of prosecution. (Dkt. No. 10.) Plaintiff responded to the Order to Show Cause in writing professing to have served the proper parties; however, there is no record of service of process on the docket, and therefore the Court must conclude that Plaintiff has failed to properly serve the defendants in this action. It is notable that Plaintiff states he served defendants pursuant to Federal Rule of Civil Procedure 4.1(a); yet, assuming Plaintiff's statement to be true, Plaintiff's service was nonetheless improper. Service of States and State Agencies must be made pursuant to Federal Rule of Civil Procedure 4(j)(2), which (incorporating California Code of Civil Procedure 416.50) requires service to be made on the chief executive officer of the agency, who, in the case of the Department of Motor Vehicles, is the Attorney General for the State of California. Plaintiff's service directly to Department of Motor Vehicles employees and agents was therefore improper. Consequently, the Court finds that dismissal of Plaintiff's action for failure to prosecute is necessary.

**IT IS SO ORDERED** that Plaintiff's Complaint is dismissed *with prejudice* for want of prosecution for failure to complete service of process within 120-days.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is dismissed *with prejudice* for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff's Motion that Defendant's Cease and Desist and Expungement of Records, Motion to Appear by Teleconference, and Applications for Entry of Default Judgment of Defendants Jeremy Suetos and Ricardo Hernandez by Clerk, are all **DENIED** as MOOT.

March 5, 2013.

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE